IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOAH DABE CLARK,

                 Plaintiff,

v.

WASHBURN COUNTY SHERIFF'S DEPARTMENT,

                 Defendant.

OPINION and ORDER

22-cv-372-jdp

---

    Pro se plaintiff Noah Clark, an inmate at Jackson Correctional Institution, alleges that Washburn County Sheriff's deputies failed to prevent Clark's former partner from harassing him and that the deputies later shot Clark without provocation during his arrest. Clark has made an initial partial payment of the filing fee, as directed by the court. Dkt. 8. The next step is to screen Clark's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    There are several problems with Clark's complaint that I will address below. I will give Clark a short time to file an amended complaint that fixes the issues identified in this opinion.

ALLEGATIONS OF FACT

    I draw the following allegations from Clark's complaint form, Dkt. 1, and the narrative attached to it, Dkt. 1-2. I accept his allegations as true for the purposes of this order.

Clark alleges that he has been harassed by his former partner, A.C.[1] Clark has been ordered not to contact A.C. or her son, T.E. Soon after the no-contact order went into effect, A.C. falsely reported to the Washburn County Sheriff's Department that Clark had violated the order. Clark explained that A.C. had stolen his phone and sent the messages herself, but the sheriff's deputies didn't believe him. A.C. later came to Clark's house with sheriff's deputies and demanded Clark to unlock his shed so she could take some of Clark's things. A.C. was drunk and yelling obscenities, but the deputies did not remove her from the property.

Clark started staying at a friend's cabin to hide from A.C. On the evening of July 6, 2019, Clark was awoken by bright lights in his face and someone yelling at him to roll over. Clark thought it was an acquaintance playing a prank on him, so he yelled for the person to leave him alone. The voice yelled back that Clark had to comply or he would be shot. Clark realized that he was surrounded by police. Clark said that he was too drunk to roll over, but he would do whatever the officers wanted if they helped him up. Two officers ran up to Clark and pointed weapons at him. Before Clark could react, the officers shot Clark in the chest and on his right side.

ANALYSIS

There are four problems with Clark's complaint. First, Clark names as defendant only the Washburn County Sheriff's Department. A sheriff's department is not an entity that can be sued. *Whiting v. Marathon Cnty. Sheriff's Dep't.*, 382 F.3d 700, 704 (7th Cir. 2004). Clark could have filed suit against Washburn County itself. But to state a claim against a county, a

---

[1] Clark doesn't expressly explain his relationship to A.C. But he says that A.C. is the mother of his stepson, Dkt. 1-2, at 1, so I infer that he and A.C. were domestic partners.

plaintiff must allege that his injuries were the result of a county policy or custom. Clark doesn't allege that his injuries were the result of a county policy, so he has not stated claims against Washburn County.

Second, although Clark alleges facts about the actions of individual officers, he doesn't identify those officers or list them in the caption of his complaint.

Third, it appears that Clark is trying to bring two distinct sets of claims in this lawsuit, one about officers failing to prevent harassment by A.C. and one about officers using excessive force to arrest him. Clark says that the officers who shot him were responding to a report that Clark was sexually assaulting someone at the cabin, Dkt. 1, at 2, and he alleges that A.C. was seen near the cabin that night, Dkt. 1-2, at 3. But he doesn't allege that A.C. was the person who called in the report, so it's not clear how A.C. is related to the shooting. And there is no indication that the officers who shot him were the same officers who allowed A.C. to harass him. So Clark's complaint may violate Federal Rule of Civil Procedure 20, which provides a plaintiff cannot bring unrelated claims against different defendants in the same lawsuit.

Fourth, many of Clark's allegations do not appear to be relevant to his claims related to Washburn County Sheriff's deputies. The narrative attached to Clark's complaint form is 16 pages long, and Clark spends many of those pages describing his activities on the day that he was shot. *See* Dkt. 1-2, at 5–11. But it's not clear how those allegations are related to his interactions with the officers that evening, so I did not include them in the allegations of fact section.

I will allow Clark to submit an amended complaint addressing these issues. In drafting his amended complaint, Clark should remember to do the following:

- Focus his allegations on a single incident or a series of clearly related incidents.

- Identify all of the individuals he wishes to sue in the caption of the complaint. If he does not know the name of an individual defendant, he should identify the defendant as "John Doe" or "Jane Doe."
- Describe simply and concisely what acts he believes each defendant took that violated his rights, using separate, numbered paragraphs.

If Clark files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, I will dismiss this case for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Noah Dabe Clark's complaint, Dkt. 1, is DISMISSED without prejudice.
2. Clark may have until November 21, 2022, to submit an amended complaint that addresses the problems identified in this opinion.

Entered October 31, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge