IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOAH DABE CLARK,

                Plaintiff,

  v.

AUSTIN TUCKER,

                Defendant.

OPINION and ORDER

22-cv-372-jdp

---

Pro se plaintiff Noah Clark is proceeding on a claim that Austin Tucker, a Washburn County Sheriff's deputy, used excessive force when arresting Clark in violation of his Fourth Amendment rights. Dkt. 11. Clark says that Tucker fired beanbags at him at close range, the last of which ruptured and caused nerve damage that now requires him to walk with a cane.

Tucker has not appeared or filed anything in this case, so the Clerk of Court entered his default. Dkt. 20. Clark did not promptly move for a default judgment after the entry of default, so I instructed him to file a motion for that relief under Federal Rule of Civil Procedure 55(b) that addressed what relief he is seeking, including the amount of damages, and the evidentiary basis for the requested relief. Dkt. 21 & 25. In response, Clark requested the following monetary damages: (1) $76,800.00 in lost wages, (2) $650,000 for pain and suffering, and (3) $850 in court costs. Dkt. 26. The entry of default means that the plausible allegations in Clark's complaint related to liability are taken as true, but Clark still must establish that he is entitled to the damages he has requested. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

The court will hold a hearing on Clark's motion for a default judgment at which Clark may provide evidence to support his damages request. Clark should be prepared to testify about

the pain and suffering he experienced and should provide the court with documentation to prove the lost wages he is seeking. Clark's complaint also says that he is seeking to recover hospital and ambulance expenses. If Clark wants compensation for any expenses related to his injury, he should bring documentation to the hearing to prove those expenses.

Finally, before I can enter a default judgment Clark must satisfy the Servicemembers Civil Relief Act. This act requires the moving party to file an affidavit regarding the defaulting party's military status. The affidavit must: (1) include the "necessary facts" showing whether the defaulting party is in military service; or (2) if the moving party is unable to determine the defaulting party's military status, describe the steps the moving party took in attempting to make that determination. 50 U.S.C. § 3931(b)(1). The Defense Manpower Data Center has a website that can be used to check an individual's military status, which is available at https://scra.dmdc.osd.mil/scra/#/home.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set an in-person hearing on plaintiff's motion for default judgment.

2. The clerk of court is directed to mail defendant a copy of plaintiff Noah Clark's motion for default judgment, Dkt. 26, a copy of this order, and notice of the time and date of the default hearing.

Entered December 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge