IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOAH DABE CLARK,

                              Plaintiff,

   v.                                                     OPINION and ORDER

AUSTIN TUCKER,                                        22-cv-372-jdp

                              Defendant.

---

The court entered default judgment for pro se plaintiff Noah Clark, who is proceeding on an excessive force claim against Austin Tucker, a city of Spooner police officer who was on a temporary assignment for the Washburn County Sheriff's Office. Dkt. 35. Tucker moves to vacate the default judgment. Dkt. 38. Clark did not respond to Tucker's motion.

I will grant Tucker's motion and vacate the default judgment. Tucker was not perfectly diligent. He was served with a summons that informed him that he had been sued and that he had a deadline to respond, Dkt. 39-3, and he waived formal service, Dkt. 13. The court's screening order, which was included with the service materials, clearly identified Tucker as the defendant in the suit. But the complaint included with the service included the original complaint, Dkt. 39-4, which did not name Tucker as the defendant, rather than the amended complaint, which did, Dkt. 10. Furthermore, the notice of the hearing on Clark's motion for default judgment hearing did not name Tucker as a defendant. The court bears responsibility for these deficiencies in the notice provided to Tucker.

Whether to set aside a default judgment is a with the court's discretion. Courts strongly favor resolution on the merits, and default judgment is reserved for cases in which the defendant has fair notice of the suit but ignored his obligation to respond. Tucker was not

perfectly diligent, but his confusion about his status as a defendant with personal responsibility was understandable. Accordingly, I will vacate the default judgment.

Tucker also moves for an extension time to answer. Dkt. 43. I'll grant that motion and give Tucker 14 days to file an answer or other responsive pleading.

Some of the problems in this case might have been avoided if Clark had been represented by counsel. Based on Clark's presentation at the hearing on his motion for default judgment, Clark was seriously injured by the discharge of a non-lethal firearm and has an arguably meritorious claim. Clark ably represented himself at the default hearing, but it's clear to the court that he would benefit from the assistance of counsel in conducting effective discovery and bringing this case to a conclusion on the merits.

The court will sometimes attempt to recruit volunteer counsel, if a pro se plaintiff makes a three-part showing. The plaintiff must demonstrate 1) that he is unable to afford counsel; 2) that he has been unable to get an attorney to represent him (usually by showing that he has asked three attorneys who declined to do so); and 3) that he is unable to effectively represent himself. The court is already persuaded on the third point.

So if Clark would like the court to attempt to recruit volunteer counsel, he should file a motion that shows that he can't afford counsel on his own and that he can't find counsel to take his case. If he does so, I will stay the case to recruit counsel for Clark.

ORDER

IT IS ORDERED that:

1. The default judgment, Dkt. 35, is VACATED.
2. Defendant Austin Tucker has until February 12, 2025, to respond to the complaint.

3. If plaintiff Noah Clark would like the court to recruit volunteer counsel for him, he should file a motion making the showing described in this opinion by February 28, 2025.

Entered January 29, 2025.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge