IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOAH DABE CLARK,

Plaintiff,

v.

AUSTIN TUCKER,

Defendant.

OPINION and ORDER

22-cv-372-jdp

---

This case arises from an incident on July 6, 2019, in which plaintiff Noah Clark, proceeding without counsel, was injured when a beanbag shot by defendant Officer Austin Tucker severely hurt Clark's leg. Clark filed his original complaint on July 5, 2022. Because Clark was a prisoner proceeding without paying the full filing fee, I screened his complaint and dismissed it for numerous reasons. But I gave Clark an opportunity to amend his complaint. Clark timely filed an amended complaint, and, on December 2, 2022, I gave him leave to proceed on an excessive force claim against Tucker.

Tucker moves to dismiss Clark's amended complaint as barred by the three-year statute of limitations. Clark does not substantively respond to Tucker's motion and requests assistance recruiting counsel.

Because Clark filed his original complaint before the statute of limitations ran and his amended complaint relates back to his timely original complaint, I will deny Tucker's motion to dismiss based on the statute of limitations. I will grant Clark's motion for assistance recruiting counsel and stay the case pending recruitment of counsel.

BACKGROUND

Clark was injured on July 6, 2019. Clark filed his original complaint on July 5, 2022. That form complaint named Washburn County Sheriff's Department and Spooner Police Officer Austin Tucker in response to the prompt "Who violated your rights," but it listed only Washburn County Sheriff's Department in the caption and section where Clark identified the defendant. Dkt. 1, at 1–2. Clark was a prisoner who was proceeding without paying the full filing fee, so the court had to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages before the complaint was served on any defendant. 28 U.S.C. §§ 1915 and 1915A.

On October 31, 2022, I dismissed Clark's original complaint for several reasons, including that his narrative appeared to concern two distinct sets of claims and that he had not identified any individual officers as defendants in the caption, despite naming them in the narrative of the actions that violated his rights. Dkt. 9. I gave Clark an opportunity to amend his complaint to address those problems.

On November 14, 2022, Clark timely filed an amended complaint naming Austin Tucker as a defendant. Dkt. 10. In his amended complaint, Clark alleges that Tucker shot Clark with a beanbag gun at close range when Clark was lying on the ground. Clark says that Tucker fired at least three bags into Clark's chest, back, and calf, and that Tucker was so close that one of the beanbags ruptured. Clark suffered nerve damage from the incident, and he now walks with a cane.

On December 2, 2022, I granted Clark leave to proceed with a Fourth Amendment excessive force claim against Tucker. Dkt. 11. I directed the clerk of court to ensure that the

United States Marshals Service serve Tucker with a copy of Clark's complaint and my order granting Clark leave to proceed with his claim against Tucker.

On February 7, 2023, Tucker waived service of the amended complaint. Dkt. 13. But neither Tucker nor someone on his behalf appeared in the case. Eventually, the court entered a default judgment against Tucker. Dkt. 35. A few weeks later, Tucker moved to vacate the judgment because he had never been served with the amended complaint, only the original complaint that named Washburn County Sheriff's Department as the sole defendant. Dkt. 38.

On January 29, 2025, the court granted Tucker's motion to vacate the default judgment and set a deadline for Tucker to respond to the complaint. Dkt. 49. Tucker timely moved to dismiss. Dkt. 51. Clark did not substantively respond to Tucker's motion, but he says that he does not understand why the judgment was vacated and asks the court to recruit counsel for him. Dkt. 60.

## ANALYSIS

### A. Motion to dismiss based on the statute of limitations

When a plaintiff brings a claim against state officials under 42 U.S.C. § 1983, federal courts borrow the statute of limitations for analogous personal-injury claims in the forum state. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). Under Wisconsin law, Clark's § 1983 claim against Tucker is subject to a three-year limitations period. Wis. Stat. § 893.53; *see also Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). Clark's original complaint was brought within this statute of limitations. But his amended complaint was filed months after the three-year limitations period. Tucker contends that the amended

complaint is barred by the statute of limitations unless it relates back to the original complaint and that the amended complaint does not.

Tucker is correct that the relevant question for the purpose of analyzing his statute of limitations defense is whether Clark's amended complaint relates back to his original complaint under Rule 15(c)(1)(C). Under Rule 15(c)(1)(C), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 4(m) requires a defendant to be served within 90 days of when a complaint is filed.

Tucker contends that he did not receive notice of the action within the period provided by Rule 4(m) because he was not served until more than six months after Clark filed his original complaint. But this argument ignores that Clark's complaint had to be screened by the court under the Prison Litigation Reform Act (PLRA) before it was served. The Court of Appeal for the Seventh Circuit considered a similar circumstance in the case in which an unrepresented plaintiff applied to proceed without paying the full filing fee, which meant that her complaint needed to be screened before the district court authorized the summons and service of the complaint. *Paulk v. Dep't of Air Force, Chanute Air Force Base*, 830 F.2d 79, 82 (7th Cir. 1987). In that case, the plaintiff timely filed her complaint seeking judicial review of an employment discrimination complaint against the Air Force but named the wrong federal defendant. The

4

district court dismissed the plaintiff's complaint because she had not named the proper defendant and had not amended her complaint to name the correct defendant within the 30-day period following the denial of her administrative complaint. The Seventh Circuit reversed, holding that the statute of limitations was tolled when plaintiff filed her complaint and petitioned to proceed without paying the full filing fee. The court explained that "an in forma pauperis plaintiff is not chargeable with this delay because it is solely within the control of the district court" and reasoned that "to prevent relation back under Rule 15(c) whenever the district court has not authorized the issuance of summons and service of the complaint within the limitations period would violate equal protection because similar claims would be treated drastically differently only on the basis of the speed with which the court chose to process them." *Id.* at 83.

In *Paulk,* the plaintiff sought leave to amend her complaint after the defendant moved to dismiss instead of in response to a court order. But the reasoning in *Paulk* applies to cases like this one in which a court has not authorized the issuance of summons and service of an amended complaint pending screening mandated by the PLRA. Other district courts faced with these circumstances have concluded that amended complaints filed after the statute of limitations runs but in compliance with an order to cure a defect in the original complaint relate back to the original complaint under Rule 15. *See, e.g., Ezell v. Dunn*, No. 4:20-cv-02058, 2023 WL 11987541, at *8 (N.D. Ala. Mar. 31, 2023) (holding that an amended complaint brought outside the statute of limitations related back to the original timely complaint because the court directed the plaintiff to file an amended complaint when it struck the original as a shotgun pleading); *Simmons v. Mischel*, No. 18-cv-02193, 2020 WL 1032233, at *6 (N.D. Cal. Mar. 3, 2020) (holding that an amended complaint brought outside the statute of limitations

5

related back to a timely original complaint where the period for service under Rule 4(m) was extended by the court for PLRA and in forma pauperis application screening); *Warren v. Ruffcorn*, No. CIV.00-0721, 2001 WL 34043449, at *5 (D. Or. Sept. 18, 2001) (holding that the time for service was suspended and that plaintiff's amended complaint related back when the court screened the original complaint under § 1915A and ordered the plaintiff to cure defects in the original complaint).

Clark's original complaint was not served on any defendant because of the PLRA screening process. I dismissed Clark's original complaint because it did not comply with Federal Rule of Civil Procedure 20, but I gave him an opportunity to amend his complaint before dismissing this case entirely. Clark then timely filed an amended complaint that related to the same incident at issue in his original complaint. It was not until I granted Clark leave to proceed on his excessive force claims against Tucker that the summons was issued and service authorized. The period for service of the complaint under Rule 4(m) was tolled while Clark's claim was pending screening. After the December 2, 2022 screening order issued, Tucker received notice within Rule 4(m)'s 90-day period for service. Tucker concedes that the amended complaint concerns the same the same conduct, transaction, or occurrence set out in the initial complaint. Even though Tucker did not receive the amended complaint itself when he waived service on February 7, 2023, the original complaint and screening order were sufficient to put him on notice of Clark's claim against him. So Clark's amended complaint meets the requirement for relation back under Rule 15(c)(1)(C). Because Clark's amended complaint relates back to his timely filed original complaint, I will deny Tucker's motion to dismiss based on the statute for limitations.

**B.  Motion for recruitment of counsel**

The court will attempt to recruit volunteer counsel if a pro se plaintiff makes a three-part showing. The plaintiff must demonstrate (1) that he is unable to afford counsel; (2) that he has been unable to get an attorney to represent him (usually by showing that he has asked three attorneys who declined to do so); and (3) that he is unable to effectively represent himself. When I granted Tucker's motion to vacate the judgment, I explained that I am persuaded that Clark is unable to effectively represent himself and informed him that, if he wanted the court to attempt to recruit counsel, he should file a motion that shows that he can't afford counsel on his own and that he can't find counsel to take his case.

Clark's request for assistance in recruiting counsel says that he is living on social security disability income and that he has contacted several attorneys who did not take his case. Dkt. 60. Based on Clark's submissions and his testimony at the January 30, 2024 evidentiary hearing, I am satisfied that Clark has made the three-part showing necessary for the court to assist him in recruiting counsel. So I will grant his motion for assistance in recruiting counsel, and the court will attempt to recruit counsel to represent him.

The case will be stayed pending recruitment of counsel. If I find counsel willing to represent Clark, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule. I advise Clark that the search for counsel may take several months, and there is no guarantee that the court will find counsel willing to represent him.

ORDER

IT IS ORDERED that:

1.  Defendant Austin Tucker's motion to dismiss, Dkt. 51, is DENIED.

2. Plaintiff Noah Clark's motion for assistance recruiting counsel, Dkt. 60, is GRANTED.

3. The case is STAYED pending recruitment of counsel for plaintiff.

Entered July 23, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

8